United States District Court
Southern District of Texas

**ENTERED**

February 19, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARET ALEXANDRA ALEXANDER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-4209 |
| MONTGOMERY COUNTY COMMUNITY SUPERVISION & CORRECTIONS, *et al.*, | § § § § | |
| Defendants. | § § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Margaret Alexandra Alexander's ("Plaintiff") Emergency Motion for Temporary Restraining Order and Immediate Stay of State Arrest and Detention. (ECF No. 85). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion (*id.*) be **DENIED**.

Plaintiff states, "[o]n February 15, 2026, Plaintiff received formal notice that the 435th Judicial District Court of Montgomery County, Texas issued a capias ordering her arrest based upon alleged probation violations arising directly from the same judgment, enforcement actions, and constitutional

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 55).

violations currently under active review in this Court." (*Id.* at 2). As such, Plaintiff seeks a Temporary Restraining Order ("TRO") "prohibiting Defendants, Montgomery County, Texas, and all persons acting in concert with them, from executing the capias issued by the 435th Judicial District Court of Montgomery County, Texas."[2] (*Id.* at 8).

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*, No. 6:16-cv-453, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). To obtain a TRO, a plaintiff must establish that (1) there is a substantial likelihood that it will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunctive relief would cause the defendant; and (4) the granting of the injunction is not adverse to the public interest.

---

[2] The Court notes that Plaintiff moves for a TRO pursuant to Federal Rule of Civil Procedure 65(b) even though defendants have been served in this case. (ECF No. 85 at 1). Nevertheless, the Federal Rules of Civil Procedure plainly state that a court may issue a temporary restraining order without notice to the other party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). Here, Plaintiff does not certify in writing any efforts made to give notice to Defendants or why notice should not be required. Thus, Plaintiff has not satisfied both requirements for the issuance of an ex parte TRO under Rule 65(b)(1). *See Silver v. Off. of Att'y Gen.*, No. 1:24-cv-1298, 2025 WL 890734, at *1 (W.D. Tex. Mar. 10, 2025), *appeal dismissed,* No. 25-50350, 2025 WL 3079092 (5th Cir. June 4, 2025).

*Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

Plaintiff's motion consists of conclusory assertions[3] as to the requirements for a TRO. (ECF No. 85 at 5–7). This is insufficient to satisfy her burden as the movant of demonstrating that there is a substantial threat that irreparable harm will result if a TRO is not granted or a substantial likelihood of success on the merits of her claims.[4] *Castro v. City of Grand Prairie*, No. 3:21-cv-885, 2021 WL 1530303, at *2 (N.D. Tex. Apr. 19, 2021) ("Moreover, Plaintiff's allegations that he "has suffered irreparable harm, including the loss of his constitutional rights," . . . are conclusory and insufficient to satisfy his burden as the movant of demonstrating that there is a substantial threat that irreparable harm will result if his TRO Application is not granted.").

Because Plaintiff has not satisfied the first and second requirements for a temporary restraining order, the Court need not address whether she has

---

[3] For example, to demonstrate a substantial likelihood of success, Plaintiff states as follows: Plaintiff's claims include: Documented ADA violations[;] Procedural admissions by state officials acknowledging improper probation reinstatement[;] Certified transcripts demonstrating procedural irregularities[;] Extensive forensic and documentary evidence already before this Court. These facts establish substantial federal claims warranting judicial protection during adjudication."

[4] Plaintiff's Second Amended Complaint asserts claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (ECF No. 27 at 1).

3

met her burden with respect to the remaining requirements for injunctive relief under federal law. *Id.*

Based on the foregoing, the Court **RECOMMENDS** Emergency Motion for Temporary Restraining Order and Immediate Stay of State Arrest and Detention (ECF No. 85) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 18, 2026.

Richard W. Bennett
United States Magistrate Judge

4