United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARET ALEXANDRA ALEXANDER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-4209 |
| MONTGOMERY COUNTY COMMUNITY SUPERVISION & CORRECTIONS, *et al.*, | § § § § | |
| Defendants. | § § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendants Montgomery County Sheriff's Office, Montgomery County District Attorney's Office, Montgomery County Community Supervision & Corrections Department, Montgomery County Attorney's Office, Brett Ligon, and Laurie Frankenfield (the "Montgomery County Defendants") Joint Motion to Dismiss (ECF No. 53) and Defendant the Texas Department of Family and Protective Services' ("DFPS") Motion to Dismiss (ECF No. 54). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Montgomery County Defendants' Motion to Dismiss (ECF No. 53) and DFPS's Motion to Dismiss

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 55).

(ECF No. 54) be **GRANTED** and Plaintiff's Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.  Should this Memorandum and Recommendation be adopted, the Court **RECOMMENDS** all other pending motions (ECF Nos. 11, 13, 14, 20, 24, 26, 41, and 79) be **DENIED AS MOOT**.

## I.    Background

Plaintiff's 334-page Second Amended Complaint appears to relate to a previous state criminal case where Plaintiff pled guilty to a felony in connection with the death of one of her children.  (*See* ECF No. 27 at 24–304). The Second Amended Complaint also involves arguments related to Plaintiff's other children who were removed from her custody through state court actions or voluntary relinquishment.  (*See id.*).  Plaintiff has asserted various claims against the Montgomery County Defendants and DFPS.  (*See id.* at 304–332).

The Montgomery County Defendants and DFPS have moved to dismiss Plaintiff's Second Amended Complaint.  (*See* ECF Nos. 53–54).

## II.   Legal Standard

A motion to dismiss made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a party to challenge the exercise of the Court's subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception."  *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019).  The

party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff. *See Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777-78 (E.D. Tex. 2020). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

### III.  Discussion

Both the Montgomery County Defendants and DFPS have moved to dismiss Plaintiff's Second Amended Complaint, arguing the Court lacks subject matter jurisdiction over Plaintiff's claims because the *Rooker-Feldman* doctrine prevents state court losers from relitigating their case in federal district court. (*See* ECF No. 53 at 5–6; ECF No. 54 at 5–7). Plaintiff responds that the *Rooker-Feldman* doctrine does not apply in this case. (ECF No. 57 at 29–32; ECF No. 66 at 23–25).

The Court must address the *Rooker–Feldman* doctrine before other issues because it raises a jurisdictional question. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–82 (5th Cir. 2013). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. FED. R. CIV. P.

12(b)(1).  Under the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review matters "inextricably intertwined" with a state court judgment.  *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) (recognizing that federal district courts lacked the requisite appellate authority to reverse or modify a state-court judgment).  This doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker–Feldman* has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment."  *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted).  The doctrine applies to both final judgments and "claims that are 'inextricably intertwined' with a state court decision."  *Id.*; *see also Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011).  "One hallmark of the Rooker–Feldman inquiry is what the federal court is being asked to review and reject."  *Truong*, 717 F.3d at 382 (citing *Exxon Mobil*, 544 U.S. at 284).  "The second hallmark of the

Rooker–Feldman inquiry is the source of the federal plaintiff's alleged injury."

*Id.*

While Plaintiff contends that the *Rooker-Feldman* doctrine does not apply in this case, it is clear that the relief Plaintiff seeks is "inextricably intertwined" with state court decisions:

- "Plaintiff requests a judicial declaration that . . . [t]he February 1, 2024 conviction and all related enforcement actions are **void ab initio** for want of jurisdiction, fraud on the court, and violation of due process" (ECF No. 27 at 306 (emphasis in original));

- "Plaintiff seeks a declaration that **the judgment entered by the 435th Judicial District Court of Montgomery County, Texas**, and all actions flowing therefrom, violate" the Fourteenth Amendment, the Supremacy Clause, and Title II of the Americans with Disabilities Act (*Id.* at 311 (emphasis in original));

- "Accordingly, this Court should **declare the underlying judgment constitutionally void and unenforceable as a matter of federal law**, and further **declare that all derivative proceedings, probationary conditions, collateral sanctions, or administrative actions predicated upon that judgment are nullities without lawful effect**" (*Id.* (emphasis in original));

- "Plaintiff respectfully requests that this Court **enjoin Defendants— including state judicial officers, probation administrators, and prosecutors, in their official capacities—from** . . . **[c]ontinuing to enforce, rely on, or disseminate** the state-court judgment declared unconstitutional and void under federal law, or any orders, warrants, or conditions derived therefrom" (*Id.* at 313 (emphasis in original));

- "Plaintiff respectfully requests that this Court formally **declare that continued enforcement of the state judgment entered by the 435th Judicial District Court of Montgomery County, Texas, conflicts with and is pre-empted by** controlling federal law" (*Id.* at 316 (emphasis in original)).

Plaintiff also contends this case falls outside *Rooker-Feldman* reach due to "fraud on the court." (*See* ECF No. 66 at 24–25; *see also* ECF No. 64 at 47–48). The Fifth Circuit has explained that "there is no such thing as a 'fraud exception'" to the *Rooker–Feldman* doctrine. *Truong*, 717 F.3d at 384 n.6. Instead, "an allegation of fraud must state a claim against the defendants for damages rather than call upon the federal court to review and reverse a state court judgment." *Houston v. Queen*, 8 F. Supp. 3d 815, 824 (W.D. La. 2014), *aff'd sub nom. Houston v. Venneta Queen*, 606 F. App'x 725 (5th Cir. 2015) (collecting cases); *see Truong*, 717 F.3d at 384 n.6 ("The question is whether [the fraud] claim is an independent claim."). Here, in her Second Amended Complaint, Plaintiff alleges multiple instances of fraud on the court concerning her criminal prosecution, including by: (1) "suppression of material exculpatory evidence . . . warranting declaratory vacatur and injunctive relief . . ."; (2) allegedly "knowingly fabricating scientific conclusions to initiate prosecution . . ."; and (3) "suppressing a live witness . . . ." (ECF No. 27 at 50, 63, 99). In addition, she alleges "systemic fraud in custody determinations." (*Id.* at 165).

As evidenced by Plaintiff's Second Amended Complaint, "[a]ny such relief would be 'inextricably intertwined' with the various underlying state court judgments because it would call on this Court to review the final state court decisions and conclude that they are void or otherwise inapplicable."

*Dantzler v. Jorden*, No. 24-cv-590, 2025 WL 1983185, at *4 (M.D. La. June 17, 2025), *report and recommendation adopted*, No. 24-cv-590, 2025 WL 1970262 (M.D. La. July 15, 2025).  As to the fraud allegations, Plaintiff's claims go directly to attacking the state court judgments, complain of injuries resulting from such judgments, and invite this Court to review and reject those judgments.  Thus, *Rooker–Feldman* divests the Court of jurisdiction over the entirety of Plaintiff's claims, including any requests for injunctive and declaratory relief.  *See Marshall v. Abbott*, No. 4:21-cv-384, 2022 WL 660798, at *7 (E.D. Tex. Feb. 13, 2022), *report and recommendation adopted*, No. 4:21-cv-384, 2022 WL 659180 (E.D. Tex. Mar. 4, 2022) (concluding the court lacked subject matter jurisdiction under *Rooker-Feldman* where the plaintiff challenged child custody proceedings).

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** the Montgomery County Defendants' Motion to Dismiss (ECF No. 53) and DFPS's Motion to Dismiss (ECF No. 54) be **GRANTED** and Plaintiff's Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.  Should this Memorandum and Recommendation be adopted, the Court **RECOMMENDS** all other pending motions (ECF Nos. 11, 13, 14, 20, 24, 26, 41, and 79) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on March 24, 2026.

Richard W. Bennett
United States Magistrate Judge